IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE, # 326-698         *
                                       *
Plaintiff,                             *
                                       *
v                                      *        Civil Action No.  PWG-13-1750
                                       *
WASHINGTON COUNTY,                     *
MARYLAND OFFICE OF STATES              *
  ATTORNEY WASHINGTON COUNTY,          *
MARYLAND HAGERSTOWN POLICE             *
  DEPARTMENT.                          *
                                       *
Defendants.

************

**MEMORANDUM**

In his response to the order to show cause why his complaint filed pursuant to 42 U.S.C. § 1983 should not be dismissed as time-barred, self-represented plaintiff Azaniah Blankumsee ("Blankumsee") posits that he first became aware of his injury on May 7, 2013, when his motion to correct illegal sentence was denied by the Court of Special Appeals of Maryland. ECF No. 6 at 1 and Exhibit A. For reasons to follow, the complaint will be dismissed as time-barred.

**I.     Background**

On June 17, 2013, Blankumsee, an inmate at North Branch Correctional Institution, filed the instant complaint, alleging that he was unconstitutionally arrested and imprisoned on May 26, 2004. Incident to that arrest, Blankumsee was convicted of felony murder and sentenced in 2005 to life imprisonment.

On August 8, 2006, the Court of Special Appeals of Maryland overturned Blankumsee's felony-murder conviction and vacated the life sentence. His remaining convictions were

affirmed and the case was remanded to the Circuit Court for Washington County for resentencing. See Exhibit D, Criminal Action No. 21-K-04-34142.[1]

In this complaint, Blankumsee is demanding punitive damages in the amount of $250,000 from each defendant. On July 8, 2013, the court granted Blankumsee twenty-eight days to show cause why this case should not be dismissed as time-barred.

II.  Discussion

There is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelly & Sons, Co.*, 541 U.S. 369 (2004). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101. Although the state statute of limitations applies, the time of accrual of the action is a federal question. The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury.

The latest Blankumsee should have known or had reason to know of his injury, i.e., his alleged improper arrest and imprisonment, was in 2006, when his felony-murder conviction was vacated. He waited almost seven years before he filed this federal complaint. Blankumsee's motion to correct sentence in the Court of Special Appeals of Maryland did not serve to toll or restart the limitations period. Notably, the motion to correct sentence was dismissed on the grounds that it was not allowed by law. ECF No. 6, Exhibit A at 1. It was not an available state

---

[1] On February 2, 2007, Blankumsee was resentenced. He is presently serving thirty years of imprisonment for attempted second-degree murder and related offenses.
*http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=21K04034142&loc=59&detailLoc=K.*

2

remedy, and it does not provide grounds to excuse Blankumsee's untimely filing of his federal complaint.

III.     **Conclusion**

For these reasons, the Court finds Blankumsee's claims time-barred. His motions to appoint counsel and for leave to file an amended complaint (ECF Nos. 2 and 3) will be dismissed as moot. A separate order follows.

_____  
Date

_____ 7/25/13  
Paul W. Grimm  
United States District Judge